# Henry Sorkin v. David Sentman, Appellant.

*Adverse possession—Title.*

Where plaintiff and defendant own adjoining houses and for thirty-seven years plaintiff and his predecessors in title have continuously and exclusively used the space above and under defendant's side hall or entry as part of their attic and cellar, such space being within the lines of defendant's paper title, plaintiff has acquired title to such space by adverse possession.

Argued May 15, 1894.    Appeal, No. 335, Jan. T., 1894, by defendant, from decree of C. P. Lancaster Co., Equity Docket No. 3, p. 17, in favor of plaintiff.    Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ.    Affirmed.

Bill to restrain destruction of portion of building.

The case was referred to George Nauman, Esq., as master, who reported as follows:

" The premises owned by the parties to this controversy contain together about sixty-four feet of ground, and are situated on the southeastern side of Church street, in the city of Lancaster.    This piece of ground was owned in 1802 by Hugh Stewart, and the master believes, although he does not find it as a positive fact, that the house of the plaintiff now standing and the house of the defendant recently torn down had at that time been built.    The houses were both of one and a half story, they were of the same height and depth, and their roofs were of the same pitch, and it would seem that they were built at the same time.

" On April 29, 1802, Hugh Stewart conveyed the northeastern portion of his ground, with a dwelling house erected on it, and containing in front on Church street twenty-nine feet and two inches, to James Finley.    This deed was recorded on May 20, 1803.    James Finley is the predecessor in the title of the plaintiff.

" On Dec. 9, 1803, Hugh Stewart conveyed the southwestern portion of his ground, with a dwelling house erected on it, and containing in front on Church street thirty-five feet, to Hugh Fletcher.    This deed was recorded on Dec. 9, 1803.    Hugh Fletcher is the predecessor in title of the defendant.

" At whatever time the houses were built, or by whomsoever built, it is certain, from the testimony, that, for at least thirty-seven years, there has been no change in their construction, or in the method of their use and occupancy, or in their physical relation to each other.

" There was no cellar under the house of the defendant, except along the northeastern side. Along this side there was an entry about two and a half or three feet wide, extending the whole length of both buildings, namely, about thirty-three feet. The cellar of the plaintiff's building extended under this entry for its whole length. On the southwestern side of this cellar, under the entry, there was a stone wall which supported the southwestern partition of the defendant's entry. The northeastern partition of this entry was of wood resting upon joists. The southwestern partition was of brick, and in this there were two doors by which access was had to the adjoining rooms. This entry was reached by a door opening upon the street, and from the street it was apparently a part of the dwelling, as it was in its opening included in the sandstone front. The front of the plaintiff's building was of brick, that of the defendant of sandstone.

" The attic of the plaintiff's building extended over the whole length of this entry and for its width, its southwestern limit being the extension upwards of the southwestern partition of the defendant's entry ; from the northeastern line of the plaintiff's property to the frame northeastern partition of the defendant's entry, the distance is twenty-nine feet, six inches, and from the southwestern line of the defendant's property to the same partition the distance is thirty-four feet, seven and a quarter inches.

" Each house had its own front door. A little northeast of the door leading into the entry of the defendant there was upon the front wall a dart mark. It does not appear by whom it was put there or for what purpose. To the southeast of the houses there is a partition fence between the lots which is in line with the northeastern partition of the entry. It had at one time been situated a little farther over upon the defendant's property, but was placed in its present position by Mrs. Fox, who then owned the plaintiff's house, at the request of Adam Musketnuss, who then owned the defendant's house.

" The plaintiff and his predecessors in title have had exclusive and uninterrupted use and possession of the attic above the entry and the cellar under it for at least thirty-seven years, and the defendant and his predecessors in title have had exclusive and uninterrupted use and possession of the entry during the same time.

" The defendant tore down his house, removed the southwestern wall of the cellar under his entry, erected another wall two and a half or three feet farther to the northeast and along the northeastern line of the entry, and was about to remove so much of the plaintiff's attic as projected over the entry when the bill in this case was filed.

" Upon the foregoing state of facts, the master is of opinion that but a single question presents itself for solution, and that the solution does not require much elaboration. So far as the paper titles of the parties are concerned, the right is entirely with the defendant. The deed from Hugh Stewart, under which alone the plaintiff can claim, conveyed but twenty-five feet and two inches, and, from the northeastern boundary of his ground to the line where the controversy begins, there is a distance of twenty-nine feet and six inches.

" But the master is of opinion that the rights of the parties do not depend upon the actual measurement named in their deeds, but upon the question of possession. If the two houses were built by Hugh Stewart prior to 1802, and he conveyed the house now owned by the plaintiff, retaining the other, and at that time the cellar and attic projected as hereinbefore described into the house so retained by him, it seems clear that he and his grantees could not controvert the right of the plaintiff and his grantees to keep the house and its appurtenances in the same condition as when conveyed. If the houses were built subsequently to the year 1802, then, in the construction of the plaintiff's house and the making of the cellar, there was an intrusion upon the defendant's land, and the testimony is undisputed that, for at least thirty-seven years, the plaintiff and those under whom he claims have occupied the cellar and attic so far as they extended into and over the defendant's ground, and that they have occupied them continuously and exclusively and as parts of the dwelling house on the plaintiff's land. Such uninterrupted and exclusive possession makes a valid title by

the statute of limitations.    Upon the first theory there has been a possession of ninety years, and upon the second of at least thirty-seven years.

" Holding these views, the master can do nothing but recommend that a decree be made ordering and directing the defendant to remove the cellar wall so far as he has erected the same to the northeast of the cellar wall formerly the southwestern boundary of the plaintiff's cellar, and that a further decree be made enjoining and restraining the defendant from tearing down the attic or any other part or portion of the plaintiff's house."

Exceptions to the master's report were dismissed and a decree entered in accordance with the prayers of the bill, by LIV-INGSTON, P. J.

*Errors assigned* were dismissal of exceptions and entry of decree, quoting them.

*B. F. Davis*, for appellant.—There was no adverse, visible, notorious possession of the land in dispute as claimed by plaintiff.    The only estate that can be claimed by adverse possession is a fee.    Smith v. Dutton, 4 Phila. 73 ; Stille v. Simes, 12 W. N. 437 ; Hawk v. Senseman, 6 S. & R. 20 ; Martin v. Jackson, 27 Pa. 504; Armstrong v. Caldwell, 53 Pa. 284 ; Gray v. McCreary, 4 Yeates, 494 ; Wright v. Guier, 9 Watts, 172; Calhoun v. Cook, 9 Pa. 226 ; Buckholder v. Sigler, 7 W. & S. 154; Canal Co. v. Young, 1 Whart. 410 ; Pipher v. Lodge, 16 S. & R. 230 ; Long v. Mast, 11 Pa. 193 ; Smith & Teller v. ' Burtis, 6 John. 195 ; Township No. 6 v. McFarland, 12 Mass. 327 ; Cheney v. Ringgold, 2 H. & J. 94; Davidson v. Beatty, 3 H. & McH. 621 ; Barr v. Gratz, 4 Wheat. 213 ; Winter v. Stevens, 9 Allen 526; Suffield v. Brown, 33 L. J. Ch. 249; Phillipson v. Gibbon, L. R. 6 Ch. Ap. 428; Jackson v. Lambert, 121 Pa. 182.

*John A. Coyle* and *John E. Snyder*, for appellee.—Appellee's possession was adverse, visible and notorious, and confers title : Trickett on Limitations, p. 10, § 14, p. 65, § 51, and cases cited : Moore v. Luce, 29 Pa. 260 ; Schall v. R. R., 35 Pa. 191 ; Leeds v. Bender, 6 W. & S. 318 ; Thompson v. Coal & Iron Co., 133

Pa. 46; Kuhns v. Fennell, 15 Atl. R. 920; McVey v. Durkin, 136 Pa. 418; Moreland v. Moreland, 121 Pa. 573; Thompson v. Carmichael, 122 Pa. 478; Neel v. McElhenny, 69 Pa. 300; Graham v. Graig, 81* Pa. 459; Armstrong v. Caldwell, 53 Pa. 288; Sheaffer v. Eakman, 56 Pa. 144; Brown v. McKinney, 9 Watts, 565.

Where a continuous and apparent easement or servitude is imposed by the owner of land upon one portion of it for the benefit of another portion, a purchaser.at either a private or judicial sale, in the absence of an express reservation or agreement on the subject, takes the servient property subject to the easement or servitude: Zell v. Universalist Society, 119 Pa. 390; Geible v. Smith, 146 Pa. 276; Kemp v. R. R., 156 Pa. 430; Overdeer v. Updegraff, 69 Pa. 110; Church v. Dobbins, 153 Pa. 294; Cannon v. Boyd, 73 Pa. 179; Pierce v. Cleland, 133 Pa. 189.

If one annexes peculiar qualities to his land, the alteration being palpable and manifest, a purchaser will take the land burthened or benefited, as the case may be, by the quality so annexed to it: Seibert v. Levan, 8 Pa. 383; Church v. Dobbins, 153 Pa. 294.

PER CURIAM, July 11, 1894:

All that is necessary to be said in this case will be found in the learned master's report, on which we think the decree should be affirmed.

Decree affirmed and appeal dismissed with costs to be paid by the defendant.